92 F.3d 1191
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Kevin B. DICKINSON, Plaintiff-Appellant,
v.
Samuel A. LEWIS, Director, of the Arizona Department of
Corrections in his individual and official capacity; Stuart
M. Miles, Acting Assistant Deputy Warden, Arizona State
Prison Complex-Florence, South Unit in his individual and
official capacity; Carlos Garcia, Sergeant and Coordinator
of Discipline in his individual and official capacity;
Dallas Thomas, Correctional Program Officer, Arizona State
Prison-Florence-South Unit in his individual and official
capacity; Warren, Lt., Lieutenant in his individual and
official capacity; F.W. Griffiths, Deputy Warden, Arizona
State Prison Complex-Florence in his individual and official
capacity; D.L. Vassaur, Correctional Program officer and
acting as Grievance Coordinator in his individual and
official capacity; Shari Bowman, in her individual and
official capacity; and Molly Rodriguez, in her individual
and official capacity, Defendants-Appellees.
 No. 95-15768.
 United States Court of Appeals, Ninth Circuit.
 Submitted July 29, 1996.*
Decided Aug. 5, 1996.
 
 Before: HUG, Chief Judge, SCHROEDER and TASHIMA, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Kevin B. Dickinson, an Arizona state prisoner, appeals pro se the district court's denial of his request for a preliminary injunction. We dismiss Dickinson's appeal for lack of jurisdiction.
 
 
 3
 Dickinson asked the district court to compel defendants to grant him indigent status so that he may receive basic hygiene supplies such as soap, shampoo, toothpaste, and deodorant. Dickinson's appeal from the district court's denial of his preliminary injunction is moot because Dickinson has subsequently been transferred to another unit within the prison and has been approved for indigent status. See American Casualty Co. v. Baker, 22 F.3d 880, 896 (9th Cir.1994) (stating that a case is moot if there is no "present controversy as to which effective relief can be granted"). Accordingly, we dismiss Dickinson's appeal of the denial of injunctive relief for lack of jurisdiction. See Sample v. Johnson, 771 F.2d 1335, 1338 (9th Cir.1985) (holding that federal courts lack jurisdiction to decide moot issues), cert. denied, 475 U.S. 1019 (1986).
 
 DISMISSED.[1]
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. See Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Because of our disposition of this appeal, we do not consider the applicability, if any, of the Prison Litigation Reform Act, Pub.L.No. 104-134, 110 Stat. 1321 (1996), to this appeal